Present—Scudder, P.J., Smith, Lindley, Green and Martoche, JJ.

■ Lai Nguyen, Appellant, v William E. Kiraly et al., Respondents. (Appeal No. 1.) [919 NYS2d 404]—

Present—Scudder, P.J., Smith, Lindley, Green and Martoche, JJ.

■ Lai Nguyen, Appellant, v William E. Kiraly et al., Respondents. (Appeal No. 2.) [921 NYS2d 417]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident. Following a trial, the jury found that plaintiff sustained a serious injury under only the 90/180-day category of serious injury set forth in Insurance Law § 5102 (d), but it awarded plaintiff zero damages. Plaintiff moved to set aside the verdict in part and for a new trial on damages only. According to plaintiff, the jury's finding that he did not sustain a serious injury under the significant limitation of use category and its award of zero damages were against the weight of the evidence. We conclude that Supreme Court erred in denying those parts of the post-trial motion seeking to set aside the verdict with respect to damages for past pain and suffering and for a new trial thereon.

It is well settled that "the amount of damages to be awarded for personal injuries is primarily a question for the jury" (*Nutley v New York City Tr. Auth.*, 79 AD3d 711, 712 [2010] [internal